VINCENT J. AIELLO, ESQ.
Nevada Bar No. 007970
GREENSPOON MARDER, P.A.
3993 Howard Hughes Parkway Ste. 400
Las Vegas, Nevada 89169
Direct Dial (702) 978-4255
Direct Fax: (954) 333-4285
E-Mail: vincent.aiello@gmlaw.com

*Attorneys for Plaintiff Victoria Messina*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| VICTORIA MESSINA, an individual, | CASE NO.: |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| MALKIAT SINGH, an individual; H TRUCKING LLC, a Washington limited liability company; DOES I through V and ROE BUSINESS ENTITIES I through V, inclusive, | **JURY TRIAL REQUESTED** |
| Defendants. | |

Plaintiff, VICTORIA MESSINA (hereinafter referred to as "Messina" or "Plaintiff"), by and through her attorneys of record, Vincent J. Aiello**,** Esq., of Greenspoon Marder, P.A., complain and allege against Defendants MALKIAT SINGH ("Singh") and H TRUCKING LLC ("H Trucking") (collectively "Defendants") as follows:

### **JURISDICTION**

**1.** This is a diversity action brought under 28 U.S.C. § 1332. Plaintiff Victoria Messina is a resident of Las Vegas, Nevada. At all relevant times herein, Defendant Singh was a resident of the State of Washington.

**2.** Upon information and belief at all relevant times herein, Defendant H Trucking LLC was a limited liability company based in the State of Washington doing business as an interstate long

haul trucking and common carrier serving the western United States. Upon information and belief, such routes included driving through and relying upon the state and interstate highways of the State of Nevada.

**3.** As of March 1, 2016 Defendant H Trucking LLC is listed as inactive on the Washington Secretary of State website.

**4.** Plaintiff's medical injuries and procedures attributed to the accident are significant as such the amount in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00.

**5.** Plaintiff has been the victim of multiple accidents. The first accident occurred when the Plaintiff was a passenger in a rental car where the vehicle was struck by Defendant's tractor trailer on May 6, 2015, causing serious injuries to Plaintiff. The motor vehicle accident occurred in Wickenburg, Arizona.

**6.** Plaintiff's injuries from the initial accident were subsequently compounded and made worse after she suffered a fall and was further injured in an Albertson's grocery store located in Las Vegas, Nevada.

**7.** On January 30, 2017, Case No. A-16-737777-C was transferred from the Eighth Judicial District Court, Clark County, Nevada to the United States District Court, District of Nevada as Case No. 2:17-cv-00274-KJD-CWH. Case No. 2:17-cv-00274-KJD-CWH is presently pending in the United States District Court, District of Nevada and discovery is ongoing. Upon information and belief the resulting bodily injuries from both accidents are compound and indivisible, seriously affecting the Plaintiff's neck, back and other aspects of her body and health.

**8.** In accordance with 28 USC § 1391(b)(2) venue is proper in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.

**9.** In this case Plaintiff was injured by Defendants Singh and/or H Trucking, LLC's conduct, suffering serious bodily injury. Plaintiff received prompt and continuous medical treatment by medical providers, doctors and medical experts all located within the state of Nevada and subject to the Court's subpoena power. Further, Plaintiff's injuries were compounded by a subsequent accident which occurred in the state of Nevada as plead in Case No. 2:17-cv-00274-KJD-CWH

2

30216470v1

referenced above. Treatment for those medical conditions and damages has been ongoing and continuous in the state of Nevada.

**10.** The majority of the sources of proof, party and non-party witnesses such as the Plaintiff, her treating doctors, the medical records, medical experts as well as the accident reports and the information related to the accidents are all located in the state of Nevada. Based upon the foregoing, jurisdiction is permissible in the United States District Court, District of Nevada for convenience of the parties.

**11.** Plaintiff contends that the true names and capacities, whether individual, corporate, associate, co-partnership, or otherwise of Defendants DOES I through V and/or ROE BUSINESS ENTITIES I through V, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names.

**12.** Plaintiff is informed, believes and thereon alleges that each of the Defendants designated as DOES I through V and/or ROE Business Entities I through V are responsible in some manner for the events and happenings referred to in this action and proximately caused damages to the Plaintiff as herein alleged. The legal responsibility of those Defendants arises out of, but is not limited to, their status as owners, lessors, etc. and/or their maintenance and/or entrustment of the vehicle which Defendant(s) were operating at the time of the subject incident and/or their agency, master/servant or joint venture relationship with the named Defendants.

**13.** Plaintiff will ask leave of this Honorable Court to amend this Complaint to insert the true names and capacities of the fictitiously named Defendants together with the proper charging allegations against them if and when they are ascertained.

**14.** All Defendants are jointly and severally liable.

**15.** Plaintiff is informed and believes and based thereon alleges that at all times mentioned herein there existed a unity of interest in ownership between Malkait Singh and Defendant H Trucking LLC such that the individuality and separateness between them ceased and that H Trucking LLC is the alter ego of Singh in that among other things:

    a. Singh controlled, dominated, managed and operated H Trucking LLC as his alter ego from his personal residence;

30216470v1

    b. Singh and H Trucking LLC acted for each other in connection with the conduct alleged and that each of them performed the acts complained of herein or breached the duties herein complained of as agents of each other and each is therefore fully liable for the acts of the other;

    c. Singh made all decisions pertaining to H Trucking LLC from his personal residence;

    d. H Trucking LLC was organized by Singh as a device to avoid individual liability and for the purpose of substituting a financially irresponsible corporation in the place and stead of Singh, and accordingly, H Trucking LLC was formed with capitalization totally inadequate and was as not be able to carry out its intended business and to pay its debts and obligations as they fell due;

    e. Upon information and belief H Trucking is insolvent and or inactive. *See* Ex. "1";

    f. there has been a failure to comply with or observe the formalities of corporate formation and/or operation;

    g. that the individuality of said entities is a total sham and fiction, and should be disregarded pursuant to the doctrine of piercing the corporate veil.

## BACKGROUND INFORMATION

**16.** Plaintiff incorporates the foregoing paragraphs of the Complaint as though said paragraphs were fully set forth herein.

**17.** On or about May 6, 2015, Victoria Messina was a passenger in a vehicle driven by her fiancé, Ran Tadmor ("Tadmor") through the town of Wickenburg, Arizona on their way home to Las Vegas, Nevada.

**18.** Tadmor was traveling westbound on Highway 60 and had entered the Highway 60/Highway 93 roundabout on the inside lane.

**19.** Singh was driving a semitrailer truck traveling westbound on Highway 60 and had entered the Highway 60/Highway 93 roundabout on the outside lane.

**20.** Singh's semitrailer truck was owned by H Trucking LLC which Singh owned and operated.

30216470v1

21. In the late afternoon on May 5, 2015, during a routine inspection at a stationary highway inspection site in Kanab, Utah, H Trucking and Singh as its alter-ego received eight inspection violations. These included violations for inoperative required lamps (two violations), no/defective lighting devices/reflective devices/projected, no retroreflective sheeting/reflex reflectors, inspection/repair and maintenance parts and accessories, brake reserve system pressure loss, and faulty tires. *See* Ex. "2" attached.

22. The next day, May 6, Singh failed to maintain or control his vehicle in his lane as he maneuvered his truck through the roundabout striking the vehicle the Plaintiff was a passenger in.

23. Singh failed to control his vehicle and exercise the due care necessary to avoid a collision allowing his tractor trailer to enter the inside lane of the roundabout and hit the right side of Tadmor's vehicle. *See* Ex. "3" Accident Report.

24. The front outer wheel of Singh's semitrailer truck struck the right rear portion of Tadmor's vehicle causing Messina to be thrown forward against the seat belt, striking her head and neck on the vehicle and back again several times. *Id*.

25. Upon information and belief, Messina was injured and felt immediate pain in her neck, back and head. Messina attempted to treat her pain with ice, non-steroidal anti-inflammatory drugs and rest until she arrived in Las Vegas, Nevada but the pain increased until she was forced to seek medical treatment.

26. Since the accident, Messina has been forced to endure several spinal surgeries, numerous medical tests, ongoing medical treatments, and doctors' exams.

27. In addition, Messina suffers ongoing neck pain, back pain, headaches, and post-traumatic stress that has affected and will continue to affect her ability to work and impacted her quality of life. Singh's failure to maintain his lane resulted in Messina's injuries.

28. Defendants are the direct and proximate cause of Plaintiffs injuries.

29. Singh's failure to maintain his lane is the direct cause of the collision resulting in Messina sustaining injuries.

30. In addition, this crash occurred on a sunny, clear day on a level highway.

5

30216470v1

**31.**     Based upon the foregoing, Plaintiff Victoria Messina has filed this Complaint seeking redress for her damages.

### FIRST CAUSE OF ACTION
### (Negligence as against all Defendants)

**32.**     Plaintiff realleges and incorporates by this reference all previous paragraphs as though fully set forth herein.

**33.**     At the time and place of the aforesaid incident, Defendants Singh and or H Trucking, LLC negligently and carelessly maintained, operated and controlled said vehicle by failing to pay proper attention to his driving, failing to reduce speed, failing to use due care, and failing to properly maintain his truck so as to cause the incident described herein.

**34.**     At the time of the incident described herein, Singh drove said vehicle in violation of the known rules of safety and negligently failed to pay proper attention to driving, failed to keep a proper lookout, failed to reduce his speed, failed to use due care, failed to properly maintain his vehicle and was otherwise acting carelessly, negligently, and recklessly in causing the incident described herein, thereby breaching the legal duty that Singh owed to Messina.

**35.**     At the time of the incident described herein, the actions and/or omissions of Singh amounted to carelessness and negligence in the operation, maintenance, and control of said vehicle, and such negligence was the proximate cause of Plaintiff's damages as herein alleged.

**36.**     As a further direct and proximate result of the negligence and carelessness of Defendants, Messina sustained injuries, suffered great pain and a loss of enjoyment of life.

**37.**     As a further direct and proximate result of the negligence and carelessness of Singh, Plaintiff was required to incur expenses for medical care, treatment and expenses incidental thereto, all to their damage in a present amount yet unknown at this time and will be required in the future to incur expenses for and to employ physicians, nurses, physical therapists, financial managers and to procure hospitalization, x-rays, medicine and general medical care and attention in an amount not yet ascertained.  In this regard, Plaintiff prays leave of Court to insert all said damages herein when the same have been fully ascertained or proof thereof at the time of trial herein.

**38.**     As a further direct and proximate result of said incident complained of herein, Messina has incurred injuries all or some of which conditions may be permanent and disabling in nature all to

30216470v1

her general and compensatory damages in an amount in excess of $75,000.00. Plaintiff has had to retain the services of an attorney to prosecute this matter and is therefore entitled to reasonable attorney's fees, costs of suit and interest incurred herein.

## RES IPSA LOQUITUR
### (As an element or alternate theory of Negligence against all Defendants)

**39.** Plaintiff realleges and incorporates by this reference all previous paragraphs as though fully set forth herein and argues in the alternative that the doctrine of Res Ipsa Loquitur should apply in this matter to the extent any damages are otherwise attributed to the Defendants under a general theory of negligence.

**40.** The incident that caused Messina's injury is the kind which ordinarily does not happen unless the driver of a vehicle is negligent.

**41.** The incident was caused by an agency or instrumentality in the exclusive control of the Defendants at the time the negligence occurred. In this instance Defendants operated the vehicle in such a way as to strike the vehicle Plaintiff was in, inflicting the injuries as generally described within the Complaint.

**42.** The incident was not due to any voluntary action or contribution on the part of the Plaintiff which was the proximate or legal cause of Messina's injuries.

**43.** As a direct and proximate result of the negligence and carelessness of Defendants, Messina sustained injuries and suffered great pain.

**44.** As a further direct and proximate result of the negligence and carelessness of Defendants, Messina was required to incur expenses for medical care, treatment and expenses incidental thereto, all to her damage in a present amount yet unknown at this time, and will be required in the future to incur expenses for and to employ physicians, nurses, physical therapists, financial managers and to procure hospitalization, x-rays, medicine and general medical care and attention in an amount not yet ascertained. In this regard, Plaintiff prays leave of Court to insert all said damages herein when the same have been fully ascertained or proof thereof at the time of trial herein.

30216470v1

**45.**     As a further direct and proximate result of said incident complained of herein, Messina has incurred injuries all or some of which conditions may be permanent and disabling in nature all to her general and compensatory damages in an amount in excess of $75,000.00.

**46.**     As a further direct and proximate result of the negligence and carelessness of Defendants, Messina sustained injuries, suffered great pain and a loss of enjoyment of life.

**47.**     Plaintiff has had to retain the services of an attorney to prosecute this matter and is therefore entitled to reasonable attorney's fees, costs of suit and interest incurred herein.

## SECOND CAUSE OF ACTION
### (Negligent Entrustment as against H Trucking LLC, its Alter-Ego, and Doe/Roe Defendants)

**48.**     Plaintiff realleges and incorporates by this reference all previous paragraphs as though fully set forth herein.

**49.**     At the time of the incident described above, Singh was operating said semitrailer truck with the permission, express or implied, of the owner H Trucking, LLC and its alter-ego Defendant Singh, DOE Defendants I through V and/or ROE Business Entities I through V.

**50.**     DOE Defendants I through V and/or ROE Business Entities I through V were negligent in entrusting Singh to operate said vehicle, thereby breaching the legal duty that DOE and ROE Defendants owed to Plaintiff.

**51.**     DOE and ROE Defendants, as owner(s) of the vehicle, which Singh was operating at the time of the incident is/are legally responsible for all damages caused by Defendants.

**52.**     The acts and omissions of DOE and ROE Defendants constitute negligence and carelessness.

**53.**     As a direct and proximate result of the negligence and carelessness of the Defendants Messina sustained injuries and suffered great pain.

**54.**     As a further direct and proximate result of the negligence and carelessness of Singh, Plaintiff was required to incur expenses for medical care, treatment and expenses incidental thereto, all to her damages in a present amount yet unknown at this time, and will be required in the future to incur expenses for and to employ physicians, nurses, physical therapists, financial managers and to procure hospitalization, x-rays, medicine and general medical care and attention in an amount not yet

8

30216470v1

ascertained. In this regard, Plaintiff pray leave of Court to insert all said damages herein when the same have been fully ascertained or proof thereof at the time of trial herein.

**55.** As a further direct and proximate result of said incident complained of herein, Messina has incurred injuries all or some of which conditions may be permanent and disabling in nature all to her general and compensatory damages in an amount in excess of $75,000.00.

**56.** As a further direct and proximate result of the negligence and carelessness of Defendants, Messina sustained injuries, suffered great pain and a loss of enjoyment of life.

**57.** Plaintiff has had to retain the services of an attorney to prosecute this matter and is therefore entitled to reasonable attorney's fees, costs of suit and interest incurred herein.

### THIRD CAUSE OF ACTION
**(Negligence Per Se Statutory Violations of all Defendants)**

**58.** Plaintiff realleges and incorporates by this reference all previous paragraphs as though fully set forth herein.

**59.** Defendant H Trucking and Singh had numerous violations of state and federal statutes and regulations, but on May 6, 2015, Defendants' violations included but were not limited to violations of 49 C.F.R. § 396.7 in so far as "A motor vehicle shall not be operated in such a condition as to likely cause an accident or a breakdown of the vehicle." And Arizona statute 28-701 wherein "A person shall control the speed of a vehicle as necessary to avoid colliding with any object, person, vehicle or other conveyance on, entering or adjacent to the highway in compliance with legal requirements and the duty of all persons to exercise reasonable care for the protection of others." Upon information and belief Plaintiff alleges that Defendants failed to inspect, maintain and control their tractor trailer in such a way as it to violate the foregoing statutes. That Plaintiff is a member of the class these statutes seek to protect and but for Defendants violation of the statutes Plaintiff would not have suffered damages.

**60.** Furthermore, Defendants violated 49 C.F.R. §§ 350 to 399, specifically: 393.9 inoperative required lamps (two violations); 396.3(a)(1) inspection/repair and maintenance parts and accessories; 396.5(b) oil and/or grease leak; 396.3A1BL brake-reserve system pressure loss;

9

30216470v1

396.3A1T tires; 393.11 no/defective lighting devices/reflective devices/projected; 393.11TT no retroreflective sheeting/reflex reflectors. *See* Ex. "2".

**61.** Defendant H Trucking violated state and federal statutes and regulations, including but not limited to and 49 C.F.R. §§ 350 to 399 and these violations resulted in Plaintiff's injuries.

**62.** Defendant H Trucking and its alter-ego Defendant Singh's statutory violations directly and proximately caused Plaintiff's damages and injuries.

**63.** Defendant H Trucking and its alter-ego Defendant Singh are negligent per se based on these statutory and regulatory violations.

**64.** As a further direct and proximate result of the negligence and carelessness of Singh, Plaintiff was required to incur expenses for medical care, treatment and expenses incidental thereto, all to her damages in a present amount yet unknown at this time, and will be required in the future to incur expenses for and to employ physicians, nurses, physical therapists, financial managers and to procure hospitalization, x-rays, medicine and general medical care and attention in an amount not yet ascertained. In this regard, Plaintiff pray leave of Court to insert all said damages herein when the same have been fully ascertained or proof thereof at the time of trial herein.

**65.** As a further direct and proximate result of said incident complained of herein, Messina has incurred injuries all or some of which conditions may be permanent and disabling in nature all to her general and compensatory damages in an amount in excess of $75,000.00.

**66.** As a further direct and proximate result of the negligence and carelessness of Defendants and their alter-egos, Messina sustained injuries, suffered great pain and a loss of enjoyment of life.

**67.** Plaintiff has had to retain the services of an attorney to prosecute this matter and is therefore entitled to reasonable attorney's fees, costs of suit and interest incurred herein.

### FOURTH CAUSE OF ACTION
### (Claim for Punitive Damages against Defendants)

**68.** Plaintiff realleges and incorporates by this reference all previous paragraphs as though fully set forth herein.

30216470v1

**69.** Defendant H Trucking's actions demonstrate a conscious disregard for the rights and safety of Plaintiff and the rest of the public, especially while operating a commercial motor vehicle on a busy highway. Plaintiff demands punitive damages against H Trucking as just one day prior to the accident in question, Defendant received notice of eight separate violations of the Federal Motor Carrier Safety Act 49 C.F.R. §§ 350 to 399, including C.F.R. 396.3A1BL, brake reserve system pressure loss, and they failed to remedy those violations prior to the time of the accident and such failure was a direct and proximate cause of the accident in question.

**70.** As a direct and proximate result of Defendants' conscious disregard for the rights and safety of Plaintiff, Messina sustained injuries and suffered great pain.

**71.** As a further direct and proximate result of Defendants' conscious disregard for the rights and safety of Plaintiff, Messina was required to incur expenses for medical care, treatment and expenses incidental thereto, all to her damage in a present amount yet unknown at this time, and will be required in the future to incur expenses for and to employ physicians, nurses, physical therapists, financial managers and to procure hospitalization, x-rays, medicine and general medical care and attention in an amount not yet ascertained.  In this regard, Plaintiff prays leave of Court to insert all said damages herein when the same have been fully ascertained or proof thereof at the time of trial herein.

**72.** As a further direct and proximate result of Defendants' conscious disregard for the rights and safety of Plaintiff, Messina has incurred injuries all or some of which conditions may be permanent and disabling in nature.

**73.** As a further direct and proximate result of Defendants' conscious disregard for the rights and safety of Plaintiff, Messina sustained injuries, suffered great pain and a loss of enjoyment of life.

**74.** Plaintiff has had to retain the services of an attorney to prosecute this matter and is therefore entitled to reasonable attorney's fees, costs of suit and interest incurred herein.

GREENSPOON MARDER
3993 Howard Hughes Parkway Suite 400
Las Vegas, Nevada 89169
Tel: (702) 978-4255 Fax: (954) 333-4014

30216470v1

## FIFTH CAUSE OF ACTION
### (Vicarious Liability of H Trucking LLC.)

**75.** Plaintiff realleges and incorporates by this reference all previous paragraphs as though fully set forth herein.

**76.** Defendant Singh was the employee, agent, servant, alter-ego or independent contractor for H Trucking LLC. Accordingly, H Trucking LLC is vicariously liable for the acts of Defendant Singh for the causes of action above.

**77.** Regardless of the employment relationship, H Trucking LLC is the registered owner of the USDOT number 2555887 displayed on the tractor unit involved in this collision and is therefore responsible for the acts of the driver and owner Singh for that vehicle.

**78.** H Trucking LLC consisted of one driver, Malkiat Singh, and one truck tractor and one semi trailer, both owned by H Trucking and or Singh with Malkiat Singh as their driver/operator.

**79.** As a direct and proximate result of Defendant Singh's conduct as agent of H Trucking, Plaintiff Messina sustained injuries and suffered great pain.

**80.** As a further direct and proximate result of Defendant H Trucking's conscious disregard for the rights and safety of Plaintiff, Messina was required to incur expenses for medical care, treatment and expenses incidental thereto, all to her damage in a present amount yet unknown at this time, and will be required in the future to incur expenses for and to employ physicians, nurses, physical therapists, financial managers and to procure hospitalization, x-rays, medicine and general medical care and attention in an amount not yet ascertained. In this regard, Plaintiff prays leave of Court to insert all said damages herein when the same have been fully ascertained or proof thereof at the time of trial herein.

**81.** As a further direct and proximate result of Defendant H Trucking's conscious disregard for the rights and safety of Plaintiff, Messina has incurred injuries all or some of which conditions may be permanent and disabling in nature all to her general and compensatory damages in an amount in excess of $75,000.00.

30216470v1

**82.** As a further direct and proximate result of Defendant H Trucking's conscious disregard for the rights and safety of Plaintiff, Messina sustained injuries, suffered great pain and a loss of enjoyment of life.

**83.** Plaintiff has had to retain the services of an attorney to prosecute this matter and is therefore entitled to reasonable attorney's fees, costs of suit and interest incurred herein

## SIXTH CAUSE OF ACTION
### (Alter Ego)

**84.** Plaintiff realleges and incorporates by this reference all previous paragraphs as though fully set forth herein.

**85.** Upon information and belief, Malkiat Singh established H Trucking LLC on or about November 4, 2014 in Kent, Washington. H Trucking lists Malkiat Singh and Harjeet Kaur as the Governors for H Trucking LLC.

**86.** Upon information and belief, upon H Trucking LLC becoming inactive, all operational activities as well as assets and liabilities of H Trucking were de facto merged or assumed by Malkiat Singh and Harjeet Kaur who continued to influence, govern, operate, control and direct H Trucking enterprises, and as such those individuals had a unity of interests and ownership that they are responsible for all liabilities owed by H Trucking for all injuries and damages sustained by Plaintiff.

**87.** At all times relevant to this action, Defendant Singh was a member, officer, owner and principle shareholder and the alter ego of H Trucking LLC.

**88.** Upon information and belief Singh was the sole active employee, agent, and/or servant of H Trucking LLC and as such he is exerted control over H Trucking and is therefore liable to Plaintiff for her damages and injuries.

**89.** Defendant H Trucking LLC and its members are vicariously liable to Plaintiff for her damages and injuries.

**90.** Plaintiff has sustained injuries and suffered great pain for which Defendants H Trucking LLC and its alter ego Singh are liable.

**91.** As a further direct and proximate result of the negligence and carelessness of H Trucking and its alter-ego Singh, Plaintiff was required to incur expenses for medical care, treatment

30216470v1

and expenses incidental thereto, all to her damages in a present amount yet unknown at this time, and will be required in the future to incur expenses for and to employ physicians, nurses, physical therapists, financial managers and to procure hospitalization, x-rays, medicine and general medical care and attention in an amount not yet ascertained.  In this regard, Plaintiff pray leave of Court to insert all said damages herein when the same have been fully ascertained or proof thereof at the time of trial herein.

92. As a further direct and proximate result of said incident complained of herein, Messina has incurred injuries all or some of which conditions may be permanent and disabling in nature all to her general and compensatory damages in an amount in excess of $75,000.00.

93. As a further direct and proximate result of the negligence and carelessness of Defendants, Messina sustained injuries, suffered great pain and a loss of enjoyment of life.

94. Plaintiff has had to retain the services of an attorney to prosecute this matter and is therefore entitled to reasonable attorney's fees, costs of suit and interest incurred herein.

### SEVENTH CAUSE OF ACTION
### (Successor Liability)

95. Plaintiff realleges and incorporates by this reference all previous paragraphs as though fully set forth herein.

96. H Trucking LLC is an inactive Washington state limited liability company. Upon information and belief Malkiat Singh established H Trucking on or about November 4, 2014 in Kent Washington.  H Trucking lists Malkiat Singh and Harjeet Kaur as the Governors for H Trucking LLC. Upon information and belief upon H Trucking LLC becoming inactive all operational activities as well as assets and liabilities of H Trucking were de facto merged or assumed by Malkiat Singh and Harjeet Kaur who continued to operate, control and direct H Trucking and as such those individuals are responsible for all liabilities owed by H Trucking for all injuries and damages sustained by Plaintiff.

**WHEREFORE**, Plaintiff expressly reserves the right to amend this Complaint at the time of the trial of the actions herein to include all items of damages or causes of action not yet ascertained, and demands judgment against Defendants, and each of them, as follows:

30216470v1

1. Special damages for past medical expenses in excess of $75,000.00;

2. Special damages for future medical expenses and lost wages in an amount to be proven;

3. General damages for past and future pain and suffering and mental anguish and past and future loss of enjoyment of life in excess of $75,000.00;

4. Any other general damages as provided by law, equity or statute incurred and to be incurred according to proof thereof;

5. Reasonable attorney's fees and costs of suit incurred herein for each and every claim and cause of action alleged;

6. Prejudgment and post judgment interest;

7. For a trial by jury; and

8. For such other and further relief as this Honorable Court may deem just and proper in the premises.

DATED this 18th day of April, 2017.

**GREEENSPOON MARDER, P.A.**

_/s/ VINCENT J. AIELLO, ESQ._
VINCENT J. AIELLO, ESQ. (NV Bar No. 7970)
3993 Howard Hughes Parkway, Suite 400
Las Vegas, Nevada 89169
*Attorneys for Plaintiff Victoria Messina*

30216470v1