# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| VICTORIA MESSINA, | Case No. 2:17-cv-01077-JAD-NJK |
| Plaintiff(s), | |
| v. | ORDER |
| MALKIAT SINGH, et al., | (Docket No. 32) |
| Defendant(s). | |

Pending before the Court is Defendant H Trucking's discovery motion seeking relief from document requests instructing production be made by September 7, 2017. Docket No. 32. The Court ordered that the parties file expedited briefing on the motion. *See* Docket No. 36. Plaintiff filed a response. Docket No. 41. The Court finds a reply unnecessary. Moreover, the Court finds a hearing unnecessary. *See* Local Rule 78-1. For the reasons discussed more fully below, Defendant's discovery motion is hereby **GRANTED** in part.

Document requests propounded on parties must comply with the requirements outlined in Rule 34 of the Federal Rules of Civil Procedure. Pursuant to that rule, "[t]he party to whom the request is directed must respond in writing within 30 days after being served." Fed. R. Civ. P. 34(b)(2)(A). The document requests at issue in this case were served on Defendant on August 25, 2017, and instructed that production was to be made by September 7, 2017. *See* Docket No. 29 at 29, 36. As such, the document requests provided insufficient time to respond and are therefore improper.

The fact that a request for production accompanies a deposition notice does not alter the 30-day response period. To the contrary, Rule 30 expressly requires that such a document request comply with Rule 34. *See* Fed. R. Civ. P. 30(b)(2) ("The notice to a party deponent may be accompanied by a request *under Rule 34* to produce documents and tangible things at the deposition" (emphasis added)). As a corollary, "[i]t is well settled that Fed. R. Civ. P. 30(b)(2) provides that any deposition notice which is served on a party deponent and which requests documents to be produced at the deposition must comply with the thirty-day notice requirement set forth in Fed. R. Civ. P. 34. . . . A party may not unilaterally shorten that response period by noticing a deposition and requesting document production at the deposition" *Schultz v. Olympic Med. Ctr.*, 2008 WL 3977523, at *2 (W.D. Wash. Aug. 22, 2008).[1]

Moreover, Plaintiff's stray reference to Rule 45 in the deposition notice, *see* Docket No. 29 at 37, does not render the above timing requirement inapplicable here. As an initial matter, the request for discovery is not even fashioned as a Rule 45 "subpoena," but rather is fashioned as a Rule 30 "Notice" of deposition. *See* Docket No. 29 at 28; *see also Nationstar Mtg., LLC v. Flamingo Trails No. 7 Landscape Maintenance Assoc.*, 316 F.R.D. 327, 332-33 (D. Nev. July 28, 2016) (discussing distinction between subpoenas served on non-parties pursuant to Rule 45 and deposition notices served on parties pursuant to Rule 30). Moreover, the provisions in Rule 45 cannot be used to circumvent the rules applicable to party discovery. *See, e.g.*, *Walters v. City of San Diego*, 2016 WL 8458373, at *1 n.1 (S.D. Cal. Oct. 25, 2016) ("Rule 45 subpoenas should not be used as an end-run around Rule 34's 30 day period to respond to document requests" (internal quotations omitted)). Plaintiff has failed to advance any reasonable argument that a party should be permitted to circumvent the rules governing party

---

[1] Plaintiff also appears to argue that the fact that Defendant's Rule 30(b)(6) deponent must be prepared to testify fully means that it should be required to respond to documents prior to the deposition. *See* Docket No. 41 at 5-7. Plaintiff has identified no rules-based exception to compliance with Rule 34's 30-day response period simply because an accompanying deposition is sought pursuant to Rule 30(b)(6). Moreover, accepting Plaintiff's position would nullify the 30-day response period for document production requests accompanying *any* Rule 30(b)(6) deposition notice, as the same logic would apply in any case in which a Rule 30(b)(6) deposition is sought. The Court is also not persuaded that a shortened period of time is appropriate given the particular circumstances of this case. *Cf.* Fed. R. Civ. P. 34(b)(2)(A) (a shorter response period may be obtained through stipulation or court order).

2

discovery by merely referencing Rule 45 in her discovery request. Accepting Plaintiff's argument would render meaningless the timing requirements established in Rule 34 and incorporated into Rule 30.[2]

For the above reasons, Defendant's discovery motion is hereby **GRANTED** in part. Specifically, Defendant is not required to respond to the document requests by September 7, 2017. Nonetheless, the Court will order that Defendant respond to the document requests by the default deadline set by Rule 34(b)(2)(A). *Cf. Schultz*, 2008 WL 3977523, at *2 (the failure to provide 30 days to respond to requests for production did not, in itself, defeat the discovery requests completely, and instead responses were required within the 30-day time-frame established in Rule 34).[3]

IT IS SO ORDERED.

DATED: September 7, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[2] Rule 45 governs *non-party* discovery. *See, e.g.*, *Paws Up Ranch, LLC v. Green*, 2013 WL 6184940, at *2 (D. Nev. Nov. 22, 2013). Indeed, Plaintiff essentially acknowledges as much in her responsive brief. Docket No. 41 at 3 (in addressing Rule 45, noting that "[t]he non-party status of the movant [seeking protection] is a factor to be considered in determining whether the burden imposed by a subpoena is undue"). Plaintiff has failed to provide argument or legal authority explaining that Rule 45 applies to a Rule 30(b)(6) deposition *of a party* and an accompanying request for production served on that *party*. Regardless of whether Rule 45 applies to discovery from a party, however, it is clear that its provisions cannot be used as an "end-run around the Federal Rules' requirements for discovery from parties." *Walters*, 2016 WL 8458373, at *1 & n.1.

[3] The Court herein addresses only the deadline by which the response to the document requests must be served. It expresses no opinion as to whether the document requests are otherwise proper, and nothing herein prevents Defendant from responding to the document requests with any appropriate objections.